UNITED STATES of America, Plaintiff-Appellee,

v.

John Joseph RAFTERY, Jr., Defendant-Appellant.

No. 77–1893.

United States Court of Appeals, Ninth Circuit.

Oct. 25, 1977.

James F. Collins, III, San Diego, Cal., for defendant-appellant.

Terry J. Knoepp, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before TRASK, WALLACE and ANDERSON, Circuit Judges.

PER CURIAM:

During grand jury proceedings appellant purportedly lied when he testified that he had never been on any premises where hashish oil was manufactured, or where there was a laboratory for such manufacture, or where people were contemplating such manufacture.

Because of these "false declarations" before the grand jury, appellant was indicted,[1] tried by jury, and convicted of perjury under 18 U.S.C. § 1623.

Prior to this jury trial the government successfully appealed a trial court ruling suppressing evidence consisting *inter alia* of certain drug-oriented paraphernalia which could be used for refining hashish, a quantity of hashish and smoking equipment. The search and seizure involved had been declared illegal in the California State courts. *United States v. Raftery*, 534 F.2d 854 (9th Cir. 1976). A panel of this court held that this illegality in the course of state narcotics proceedings did not operate to preclude the use of this evidence to prove an alleged perjury offense before a federal grand jury where the alleged perjury occurred after the illegal search and seizure and after the state court had suppressed the evidence.

■ On this appeal appellant first contends that the trial court erred by admitting evidence of his prior association with known drug smugglers and dealers and of his own use and possession of illicit drugs. We find no error in the admission of this evidence because it was clearly relevant to show appellant's knowledge of drugs in general and, specifically, that he knew hashish oil was being manufactured in the house where he was arrested. Nor do we find that the probative value of this evidence is outweighed by any prejudicial effect on the jury.

■ Appellant also contends that the indictment was unconstitutionally vague because one of the questions which he falsely answered was susceptible of various interpretations. We disagree. First, we find that the question was not vague when read in context with the two previous questions. Secondly, even if we were to assume that the challenged question was unconstitutionally vague, appellant's false answers to the first two questions were sufficient to sustain his conviction for perjury. *See, Arena v. United States*, 226 F.2d 227 (9th Cir. 1955), *Vitello v. United States*, 425 F.2d 416 (9th Cir. 1970), and *United States v. Bonacorsa*, 528 F.2d 1218, 1221–1222 (2nd Cir. 1976), *cert. den.*, 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386.

AFFIRMED.

---

1. Appellant, throughout his brief, erroneously refers to the indictment as if it contained multiple counts. The indictment contains only one count containing three questions. Each question was not a separate count.